**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT AND** |
| **v.** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **MULTILINK, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Nancy Noble and other similarly situated, current and former, female employees who were subjected to sex-based harassment and a hostile work environment. As set forth in more detail below, the U.S. Equal employment Opportunity Commission (the "Commission") alleges that Defendant Multilink, Inc. ("Defendant") discriminated against Noble, and female employees as a class, by subjecting them to offensive sex-based conduct and sexually demeaning remarks. Although Defendant's human resource office and other responsible management officials were aware of the sex-based harassment and abusive work environment, Defendant failed to conduct a proper investigation, and failed to take prompt or appropriated corrective action to stop the harassment. Instead of investigating Noble's complaints that female employees were being subjected to a sexually hostile work environment, Defendant retaliated against her by ridiculing her for having complained to management about the harassment, and by terminating her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1991, § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Multilink, Inc. (the "Employer"), has continuously been an Ohio corporation doing business in the State of Ohio and the City of Elyria, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Nancy Noble filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 21, 2008, Defendant has engaged in unlawful employment practices at its Elyria, Ohio facility, in violation of Sections 703(a)(1)-(2) and 704(a) of Title VII, 42 U.S.C. § 2000e-(2)(a)(1)-(2) and § 2000e-3(a). The unlawful employment practices include, but are not limited to, the following:

A. Subjecting Noble and similarly situated females to a sexually hostile work environment by their male coworker, Carl Taylor. The harassment to which females were subjected includes, but is not limited to: Taylor's repeated use of sexually derogatory terms such as "ho," "pussy," and "bitches;" Taylor telling women that he would ride them "like a horse" and offering them to have sex with him for money; Taylor telling women that they were whores and that "every female has a price to give up her pussy;" Taylor telling a female employee that he wanted to see her breasts "pushed up against a window" in the workplace while he was "doing her;" Taylor referring to blow jobs, "head," and other sex acts; and Taylor telling women that they needed "some balls" in their mouths to shut them up and that they needed to "shut the fuck up."

B. Defendant had constructive knowledge of the harassment, but failed to take prompt or appropriate corrective action.

C. Further, Defendant had actual knowledge of the harassment but failed to take prompt or appropriate corrective action.

D. After Noble engaged in protected activity, Defendant retaliated against her by taking adverse action against her including terminating her employment.

8. The effect of the practices complained of in paragraph 7 (A) through (D) above,has been to deprive Nancy Noble and similarly situated current and former female employees who worked at Defendant's Elyria, Ohio facility during the period from January 21,

2008 to the present, of equal employment opportunities, on the basis of sex and Nobel's engaging in conduct protected by Title VII.

9. The unlawful employment practices complained of above, as set forth in ¶7 (A) through (D), were, and are, intentional.

10. The unlawful employment practices complained of above, as set forth in ¶7 (A) through (D), were and are done with malice or with reckless indifference to the federally protected rights of Noble and similarly situated current and former female employees who worked at Defendant's Elyria, Ohio facility during the period from January 21, 2008 to the present.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of sex in violation of Sections 703(a)(1)-(2), 42 U.S.C. § 2000e-(2)(a)(1)-(2).

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliatory practices in violation Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a).

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Nancy Noble and similarly situated current and former female employees who worked at Defendant's Elyria, Ohio facility during the period

from January 21, 2008 to the present, by providing appropriate backpay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Noble and similarly situated current and former female employees who are or were separated from their employment, as a result of the unlawful employment practices alleged above in Paragraph 7 (A) through (D).

E. Order Defendant to make whole Noble, and all similarly situated current and former female employees who worked at Defendant's Elyria, Ohio facility during the period from January 21, 2008 to the present, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 (A) through (D) above, including relocation expenses, job search expenses, medical and any other expenses incurred as a result of the unlawful conduct alleged in the Commission's Complaint.

F. Order Defendant to make whole Noble and all similarly situated current and former female employees who worked at Defendant's Elyria, Ohio facility during the period from January 21, 2008 to the present, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 (A) through (D) above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay Noble and all similarly situated current and former female employees who worked at Defendant's Elyria, Ohio facility during the period from January 21, 2008 to the present, punitive damages for its malicious and reckless conduct described in paragraph 7 (A) through (D) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, DC

*/s/ Debra M. Lawrence*
Debra M. Lawrence
Regional Attorney

*/s/ M. Kate Boehringer*
M. Kate Boehringer
Supervisory Trial Attorney
Baltimore, Maryland

/s/ *Solvita A. McMillan*
Solvita A. McMillan (0040011)
Senior Trial Attorney
EEOC Cleveland Field Office
AJC Federal Building – Suite 3001
1240 East 9th Street
Cleveland, Ohio 44199
solvita.mcmillan@eeoc.gov