UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | CASE NO. 1:11CV2071 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | OPINION AND ORDER |
| MULTILINK, INC., | ) ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #25) of Defendant, Multilink Inc., for Partial Summary Judgment. For the following reasons, the Motion is denied.

**I. BACKGROUND**

On September 30, 2011, the Equal Employment Opportunity Commission ("EEOC") filed its Complaint, alleging that Defendant, Multilink, Inc., discriminated against the charging party, Nancy Noble, and an entire class of female employees, by subjecting them to offensive sex-based harassment in the workplace, committed by a co-worker; that Defendant had constructive, and/or actual knowledge of the harassment but failed to take prompt or

appropriate corrective action; and that, after Noble engaged in protected activity, Defendant retaliated against her by terminating her employment.

In its Motion, Defendant argues that, during its pre-suit investigation of Noble's claims, and at the time of the Complaint, the EEOC did not identify any female employees (aside from Noble) that were subjected to such discrimination while employed by Multilink. Thus, without any parameters as to the size and make-up of the purported class, the parties were unable to conciliate the allegations in good faith.

Defendant asks the Court to dismiss the EEOC's class claims and to sanction the EEOC for non-compliance with its statutorily-prescribed duties of investigation and conciliation.

## II. LAW AND ANALYSIS

**Prerequisites to suit under Section 706(f) of Title VII of the Civil Rights Act of 1964**

Section 706 of Title VII authorizes the EEOC to bring an action against a private employer on behalf of a "person or persons aggrieved" by the employer's unlawful employment practices, following mandatory investigation and conciliation of the purported claims.  In *Serrano v. Cintas Corp.*, 699 F.3d 884, 904 (6th Cir.2012), the Sixth Circuit noted:

> In *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1100 (6th Cir.1984), we recognized that 'the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of th[e] agency' and, consequently, that it is inappropriate for a 'district court to inquire into the sufficiency of the Commission's investigation.' **Instead, a district court should determine whether the EEOC made a good-faith effort to conciliate the claims it now asserts, thereby providing the employer with ample notice of the prospect of suit.** *Id.* at 1102.  (Emphasis added).

It is clear, in the instant case, that Multilink had notice that the EEOC was investigating class-

wide instances of discrimination.  In the EEOC Determination Letter, dated March 15, 2011, (ECF DKT #25-9) the Director of the Cleveland Field Office wrote: "Information obtained in the EEOC investigation reveals that Charging Party and *other similarly situated female employees* were subjected to a sexually hostile work environment ... it is more likely than not that Charging Party was sexually harassed and retaliated against in violation of Title VII of the Civil Rights Act of 1964.  Furthermore, *it is more likely than not that other females were subjected to the sexually hostile work environment*."  (Emphasis added).

In *Keco*, 748 F.2d at 1101, the Sixth Circuit advised: "After determining that reasonable cause exists, the EEOC must attempt to conciliate the discrimination claim with the employer before it can be the subject of litigation in the district court.  Only after the EEOC is unable to obtain an acceptable conciliation agreement from the employer may the agency file suit in court."

Multilink cannot dispute that the EEOC sought to conciliate class-wide claims.  The EEOC's conciliation efforts are described in its Memorandum in Opposition to Summary Judgment (ECF DKT #34).  The EEOC made a conciliation proposal, with monetary and non-monetary components, on behalf of the named Charging Party and class members to be identified.  Defendant ultimately countered with an offer regarding the Charging Party and the potential class members.  Unfortunately, the EEOC found the offer inadequate.  Thereafter, the EEOC filed this lawsuit.

Defendant had notice that the EEOC was seeking to assert, and to conciliate, individual and class-wide claims, even though specific employees went unnamed.  The Court is not empowered to examine or to criticize the nature and extent of the agency investigation.

Thus, the Court finds that the EEOC acted in good faith, and appropriately filed suit when its overtures were not met with an acceptable response.  *See Serrano*, 699 F.3d at 905.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #25) of Defendant, Multilink, Inc., for Partial Summary Judgment, seeking dismissal of class claims and sanctions against the EEOC, is denied.  The parties' fact and expert discovery cut-off is April 30, 2013.  A Settlement Conference is set for May 8, 2013 at 2:00 p.m.  Lead counsel and all parties with full authority are required to attend and comply with the Court's Standing Settlement Conference Order.

**IT IS SO ORDERED.**

                                              s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated:  March 12, 2013**